JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **EDCV 11-1470-VBF (OPx)**          Dated: **October 20, 2011**

Title:   City of San Bernardino Municipal Water Department -v- American Alternative Insurance Corporation et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

         Joseph Remigio                          None Present
         Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

         None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**          **COURT ORDER REMANDING ACTION**

     Before the Court is a Notice of Removal filed by Defendant American Alternative Insurance Corp. ("Defendant") on September 14, 2011 (Docket No. 1). Defendant asserts that this Court has jurisdiction over the action brought against it by Plaintiff City of San Bernardino Municipal Water Department ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a

MINUTES FORM 90                        Initials of Deputy Clerk    jre
CIVIL - GEN

corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that diversity exists because:

> Plaintiff's First Amended Complaint alleges that it is a department of the City of San Bernardino.  Therefore, Defendant AAIC is informed and believes, and on that basis alleges, that Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a) because it is incorporated in and has its principal place of business in the State of California."

Notice of Removal, p. 3 (citation omitted).

The Notice of Removal applies the test for determining a corporation's citizenship to Plaintiff.  However, a city department is neither a corporation nor a municipality.  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.  The Court remands this action to San Bernardino Superior Court, Case No. **CIVDS 1102360**.  See 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**